UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRELL DIXON | CIVIL ACTION |
| VERSUS | NO. 20-389 |
| HAZA FOODS OF LOUISIANA, LLC | SECTION M (1) |

### ORDER AND REASONS

Before the Court is a motion for summary judgment by defendant Haza Foods of Louisiana, LLC ("Haza").[1] The motion was set to be submitted to the Court on May 6, 2021.[2] Local Rule 7.5 requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, which in this case was April 28, 2021. Plaintiff Darrell Dixon, who is represented by counsel, has not filed an opposition. Accordingly, because the motion for summary judgment is unopposed, and it appearing to the Court that the motion has merit,[3]

---

[1] R. Doc. 24.

[2] R. Doc. 27. The original submission date was April 8, 2021. R. Doc. 24. The Court continued it to May 6, 2021, after granting plaintiff's motion to continue. R. Docs. 25; 27.

[3] Dixon alleges that he was injured when he tripped and fell in the parking lot of a Wendy's restaurant owned and operated by Haza. R. Doc. 1-1 at 1-2. Dixon alleges that he tripped over a piece of rebarb intended to hold a cement parking curb in place. *Id.* at 2. Haza argues in its motion for summary judgment that Dixon has no evidence proving that any Wendy's or Haza employee knew of the alleged defect or how long it existed, which is necessary to prove his claim. R. Doc. 24-2 at 2. Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Louisiana Civil Code article 2317.1 provides that the owner of a thing is responsible "for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." Louisiana Civil Code article 2322 provides that the owner of a building is "answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." Dixon has not demonstrated that Haza had actual or constructive knowledge of the alleged protruding rebarb. The same holds true for Dixon's negligence claim under Louisiana Civil Code article 2315. Dixon has not shown that Haza breached a duty of care and that breach caused the accident. *See Encalade v. A.H.G. Sols., LLC*, 204 So. 3d 661, 668 (La. App. 2016) (owner not liable under La. Civ. Code art. 2317.1 where it did not have actual or constructive notice of the defective bathroom door until after the accident). As such, Haza is entitled to summary judgment dismissing Dixon's claims against it.

IT IS ORDERED that Haza's motion for summary judgment (R. Doc. 24) is GRANTED, and Dixon's claims against it are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 29th day of April, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE