UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARRELL DIXON | CIVIL ACTION |
| VERSUS | NO. 20-389 |
| HAZA FOODS OF LOUISIANA, LLC | SECTION M (1) |

# ORDER

Before the Court is a motion by plaintiff Darrell Dixon seeking relief from this Court's Order granting summary judgment in favor of defendant Haza Foods of Louisiana, LLC ("Haza") and dismissing all of Dixon's claims with prejudice.[1]  Haza responds in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies Dixon's motion.

## I.      BACKGROUND

Dixon alleges that he was injured when he tripped and fell over a piece of rebarb intended to hold a cement parking curb in place in the parking lot of a Wendy's restaurant owned and operated by Haza.[3]  Haza moved for summary judgment, arguing that Dixon has no evidence proving that any Wendy's or Haza employee had actual or constructive knowledge of the alleged hazard, which is necessary for Dixon to prove his claim.[4]  Haza's motion was set to be submitted to the Court on May 6, 2021.[5]  Local Rule 7.5 requires that a memorandum in opposition to a

---

[1] R. Doc. 30 (citing R. Doc. 28).
[2] R. Doc. 37.
[3] R. Doc. 1-1 at 1-2.  The parking curbs are also known as wheel stops, parking chocks, curb stops, parking bumpers, bumper blocks, and parking blocks.  They are located at the end of a parking space and usually consist of concrete slabs.
[4] R. Doc. 24-2 at 2.
[5] R. Doc. 27.  The original submission date was April 8, 2021.  R. Doc. 24.  The Court continued it to May 6, 2021, after granting plaintiff's motion to continue.  R. Docs. 25; 27.

motion be filed no later than eight days before the noticed submission date, which in this case was April 28, 2020. Dixon, who is represented by counsel, did not timely file an opposition, whereupon this Court granted Haza's motion after determining that it was well-founded.[6]

Thereafter, Dixon filed a motion for leave to file an untimely memorandum in opposition to Haza's motion for summary judgment.[7] After considering Haza's opposition to Dixon's motion for leave, which addressed the merits of Dixon's position as set out in his proposed memorandum in opposition to Haza's summary-judgment motion,[8] this Court granted Dixon's motion for leave permitting him to file the opposition memorandum.[9]

Dixon also filed the instant motion for relief from the Order granting summary judgment in Haza's favor.[10] Dixon argues that his attorney inadvertently calendared the wrong due date for the opposition memorandum and prays that the Court consider the merits of his opposition to Haza's motion for summary judgment.[11] In opposition, Haza argues that granting Dixon relief from the Order is futile because he cannot prevail on the merits of his claims as he has no evidence of constructive notice.[12]

## II. LAW & ANALYSIS

### A. Applicable Legal Standard

Invoking Rule 60(b) of the Federal Rules of Civil Procedure, Dixon seeks relief from an order granting summary judgment and dismissing with prejudice all of his claims. He asserts that the dismissal resulted from his attorney's mistake in calendaring the due date of the opposition. However, no final judgment had yet been entered on the order. A Rule 60(b) motion cannot be

---

[6] *Id.*
[7] R. Doc. 34.
[8] R. Doc. 37.
[9] R. Doc.
[10] R. Doc. 30.
[11] R. Doc. 30-1.
[12] R. Doc. 37.

filed until a final judgment has been entered. *Lambert v. McMahon*, 2007 WL 713706, at *1 (5th Cir. Mar. 6, 2007). Where a motion does not challenge a final judgment, it is considered under Rule 54(b). *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). Under Rule 54(b), a district court "is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Unlike motions to alter or amend a judgment under Rule 59(e), "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015)) (internal quotation marks omitted). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court *may* revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis in original; alterations and internal quotation marks omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019).

### B. Summary Judgment Reexamined

Louisiana Civil Code article 2317 provides that "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody." Article 2317.1 provides that the owner of a thing is responsible "for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." La. Civ. Code art. 2317.1. Article 2322 provides that the owner of a building is "answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care." *Id.* art. 2322.

Now having considered Dixon's opposition to Haza's motion for summary judgment, the Court determines that Dixon has not demonstrated that Haza had actual or constructive knowledge of the alleged protruding rebarb. Dixon argues that the deposition testimony of the store manager, Cornell Paul, and a photograph of the moved parking slab, raise genuine issues of material fact regarding constructive notice.[13] Paul testified that, on the day of the accident, a Haza employee inspected the parking lot for hazards but did not see the moved parking slab, and that he *assumed* that moving it would leave scuffs in the pavement, but that none were visible.[14] The photograph shows leaves piled up behind the moved parking slab.[15]

---

[13] R. Doc. 39 at 3-5.
[14] *Id.* (citing R. Docs. 39-1; 39-2).
[15] R. Doc. 39-4.

4

A plaintiff in a Louisiana premises liability claim involving a merchant "must make a positive showing of the existence of the condition prior to the fall." *Leger v. Wal-Mart La. LLC*, 343 F. App'x 953, 2009 WL 2900250, at *1 (5th Cir. Sept. 10, 2009) (quoting *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997)); *see also Brown v. United States*, 2017 WL 3267337, at *2 (E.D. La. Aug. 1, 2017)). The evidence Dixon proffers raises nothing more than speculation, not genuine issues of material fact, regarding constructive notice. Dixon is making logical leaps that are not justified by the evidence. Rather than showing that a Haza employee must have seen the moved parking slab, Paul's testimony regarding the inspection, after which no safety issues were reported, tends to show that the parking slab was not out of place at the time of the inspection, which cuts against constructive notice. Further, Paul is not an expert in the friction produced by moving concrete and makes an assumption, at counsel's prompting, that moving it might cause scuffs in the pavement. This statement is itself conjecture and in no way positive proof that the parking slab had been out of place for such a substantial period that any hypothetical scuffs would have eroded. Moreover, the photograph showing leaves piled up behind the moved parking slab does not indicate that it was out of place for some time but, instead, tends to show that those leaves were pushed behind the slab whenever it was moved. The photograph is not positive proof of constructive notice – that is, that the parking slab had been moved for such a length of time that Haza's employees should have seen it. In sum, because Dixon has no evidence of constructive notice, Haza is entitled to summary judgment dismissing his premises liability claim.

The same holds true for Dixon's negligence claim under Louisiana Civil Code article 2315. Dixon has not shown that Haza breached a duty of care and that such breach caused the accident. *See Encalade v. A.H.G. Sols., LLC*, 204 So. 3d 661, 668 (La. App. 2016) (owner not liable under

article 2317.1 where it did not have actual or constructive notice of the defective bathroom door until after the accident). As such, Haza is also entitled to summary judgment dismissing Dixon's negligence claim against it.[16]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dixon's motion for relief from judgment (R. Doc. 30) is DENIED.

New Orleans, Louisiana, this 21st day of May, 2020.

                                                                                                    _____
                                                                                                    BARRY W. ASHE
                                                                                                    UNITED STATES DISTRICT JUDGE

---

[16] Because Dixon alleges that he fell on a merchant's premises, his claims are controlled exclusively by La. R.S. 9:2800.6 (Louisiana's merchant liability statute), and the Court is not permitted to consider claims under 2315, 2317, and 2317.1, even in the alternative. *Brown*, 2017 WL 3267337, at *2 n.11 (quoting *Guidry v. Murphy Oil USA, Inc.*, 2015 WL 5177569, at *4 (M.D. La. Sept. 3, 2015)).